# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**MELVIN JEROME MURRAY et al**  PLAINTIFF

VS.  CASE NO. 4:05CV174

**COLDWELL BANKER REAL ESTATE CORPORATION et al**  DEFENDANTS

## ORDER

This cause comes before the court on separate motions to dismiss filed by defendants in the above-styled case [6-1; 75-1; 149-1]. Defendants Coldwell Banker and Bank of Commerce have each filed motions to dismiss, arguing that plaintiffs' claims arising under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") should be dismissed for failure to comply with relevant Fifth Circuit precedent relating to the particularity of pleadings in statutory fraud actions.[1] See, e.g. United States ex. rel. Willard v. Humana Plan of Texas, Inc., 336 F.3d 375, 384 (5th Cir. 2003). In their response, the plaintiffs deny that their complaint fails to meet the required standards for particularity, but they have nevertheless offered to file an amended complaint setting forth more detailed allegations against defendants. The Court has determined to accept plaintiffs' offer in this regard, and it is therefore ORDERED that plaintiffs file such an amended complaint within thirty days of this court's order today.[2]

It is further ORDERED that Defendants' motions to dismiss [6-1; 41-1; 99-1] are dismissed

---

[1] Coldwell Banker's motion also seeks dismissal of the plaintiffs' pendent state law claims on jurisdictional grounds, but that argument clearly presupposes the granting of its motion to dismiss plaintiffs' RICO claims.

[2] In light of the court's conclusion in this regard, it is unnecessary to consider whether the complaint in this case is so lacking in particularity as to warrant dismissal.

without prejudice.[3]

This is the 20th day of June, 2006

                                                  **/s/ Michael P. Mills**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[3] It is unclear to this court to what extent the motion to extend various deadlines, motion to vacate and motions to strike remain relevant in light of subsequent events and in light of this court's order today. To the extent to which any such discovery issues may still be relevant, the parties should direct these issues to the Magistrate Judge. This court will very likely defer to the Magistrate Judge's judgment regarding how discovery in this case should proceed in light of the court's ruling today.